Stanard, J.
Without deciding or even considering question whether the order of the superior court, made by consent of parties, remitting this case to the county court for trial, would proprio vigore place the case, in its then condition, in the county court for trial, notwithstanding an objection of one of the parties to the docketing of the case in the county court and to the jurisdiction of that court over it, I am of opinion that parties may, by consent, make up the pleadings and issue in a case, and have it docketed in any court having jurisdiction for the trial of such a case; that over a case so docketed, on the parties appearing before the court in which it may be so docketed, and making no objection to the regularity of the docketing of it, that court may exercise jurisdiction; and that the objection to the jurisdiction of the court, coming for the first time after the trial and judgment in the case, cannot be sustained.
I am further of opinion that it was too rigorous, under the facts disclosed by the exception, shewing the disability of the defendant, from the visitation of God, to attend to the defence of the case, to rule him in the court below to trial in the absence of his witnesses, at the first term of that court after the order remitting the case had been made; especially as it does not appear, that -under the order remitting the case to the county court, it had been docketed in that court at any time previous to the term at which it was tried, so as to enable the defendant, even if severe illness had not prevented him from making preparations for trial, to take out process to summon his "witnesses.
My opinion therefore is, that the judgment of the county court, and that of the circuit superior court reversing it and remanding the case to the county court to be dismissed for want of jurisdiction, are both of *489 them erroneous, and ought to be reversed, with costs to the plaintiff in error in prosecuting his suit in this court. I am further of opinion that the superior court ought to have reversed the judgment of the county court; and as the original action did not survive, and the defendant therein was dead at the time the judgment was rendered in the superior court, and the action could not, on the remanding of the case to the county court, be revived, the reversing judgment of the superior court should have remanded the case to the county court with directions to enter an abatement by reason of the death of the original defendant Hairston.
The judgment of the court of appeals was entered in the following terms :
The court (without deciding the question of jurisdiction arising in this case) is of opinion that the county court of Floyd erred in ruling the defendant to trial, at the term next after the cause had been transferred by the said circuit superior court to the said county court, and at which it was docketed for the first time; especially when it was proved and admitted that the defendant had been confined to his bed by sickness for some time previous, and was still so confined, so that he could not attend said court and prepare himself for trial. Therefore it is considered by the court, that the judgment of the circuit superior court of Montgomery, reversing the said judgment of the county court of Floyd, be affirmed, and that the defendant recover against the plaintiff his costs by him about his defence in this behalf expended. And the said Samuel Hairston senior having departed this life, and the court being of opinion that the action does not survive against his executor or administrator, it is ordered that this suit be abated.